**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                                         **CASE NO: 6:16-cr-67-Orl-18GJK**

**MOSHE BERLIN**

---

**REPORT AND RECOMMENDATION**
**CONCERNING A FINDING OF NOT GUILTY BY REASON OF INSANITY**

On September 29, 2016, the United States and the Defendant filed a Joint Motion for Entry of Finding of Not Guilty Only By Reason of Insanity (the "Joint Motion"). Doc. No. 46. On September 30, 2016, following a status conference before the undersigned, the parties jointly filed an Emergency Motion for Entry of Finding of Not Guilty Only by Reason of Insanity and Order Committing Mr. Berlin to the Federal Detention Center, Miami, Florida (the "Emergency Motion"). Doc. No. 48. Both the Joint Motion and the Emergency Motion stipulate that, based upon the forensic psychological evaluation report of Dr. Lisa Feldman (Doc. No. 44), which was conducted at a Bureau of Prisons' (the "BOP") facility, the Defendant is competent to stand trial or to undergo post-release proceedings, but the Defendant should be found not guilty only by reason of insanity because he was unable to appreciate the nature and quality of the wrongfulness of his acts at the time of the offense charged in the indictment. Doc. Nos. 46 at ¶ 13; 48 at ¶ 13. Therefore, the parties request that the Court enter judgment finding the Defendant not guilty only by reason of insanity and committing the Defendant to the Federal Detention Center in Miami, Florida for further examination pursuant to 18 U.S.C. §§ 4243(a), 4247(b)-(c). Doc. No. 48 at 6.

As set forth above, the United States and the Defendant stipulate to the requests for relief contained in the Joint and Emergency Motions. Doc. Nos. 46, 48. Nevertheless, the parties have not demonstrated the presence of any actual emergency. Moreover, the parties fail to provide any legal authority indicating that the Court has jurisdiction such that it may direct the BOP to place the Defendant in any particular facility. *See generally United States v. Shipley*, 286 F. Supp. 2d 499, 500 (W.D. Penn. 2003) (BOP is an

independent federal agency with its own policies and procedures regarding the placement of individuals committed to it). Accordingly, while the undersigned will recommend that the Emergency Motion be granted to the extent that a judgment should be entered finding the Defendant not guilty only by reason of insanity and that he should be committed to a suitable BOP facility for further evaluation, the undersigned recommends that the balance of the Emergency Motion be denied and that the Joint Motion be denied as moot.

Based on the foregoing, it is **RECOMMENDED** that:

1. The Emergency Motion (Doc. No. 48) be **GRANTED in part and DENIED in part** as follows:

    a. The Emergency Motion be **GRANTED** as follows:

        i. Judgment be entered finding the Defendant competent to stand trial or to undergo post-release proceedings;

        ii. Judgment be entered finding the Defendant not guilty only by reason of insanity; and

        iii. Judgment be entered committing the Defendant to a suitable BOP facility for an examination, pursuant to 18 U.S.C. §§ 4243(a), 4247(b)-(c), to determine whether the Defendant is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another; and

        iv. After the BOP examination is complete, the Court hold a hearing to determine whether the Defendant should be released pursuant to 18 U.S.C. § 4243(c); and

    b. The Emergency Motion be otherwise **DENIED**; and

2. The Joint Motion (Doc. No. 46) be **DENIED as moot**.

**RECOMMENDED** in Orlando, Florida on September 30, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.  **In order to expedite the final disposition of this matter, if the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection.**

Copies furnished to:

United States Marshal
Emily C. L. Chang
Alisha Marie Scott